**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| LUIS POLANCO GUZMAN, | ) | |
| | ) | |
| Petitioner, | ) | No. 3:26-cv-00836 |
| | ) | |
| v. | ) | Chief Judge Cathy Bissoon |
| | ) | |
| KRISTI NOEM, *et al*., | ) | |
| | ) | |
| Respondents. | ) | |

**MEMORANDUM ORDER**

Pending before the Court is *pro se* Petitioner Luis Polanco Guzman's Petition for Writ of Habeas Corpus (Doc. 4) and Supplement thereto (Doc. 5) (collectively, the "Petition" or "Pet."). Petitioner currently is an immigration detainee in the custody of the United States Department of Homeland Security, Immigration and Customs Enforcement, at the Moshannon Valley Processing Center in Philipsburg, Pennsylvania. The Petition alleges an entry date into the United States in or around 2013, and that Petitioner has continuously resided in the United States since then. Petitioner was placed into immigration detention on or around April 15, 2026. There is no indication that Petitioner has any relevant criminal convictions.

Petitioner asserts that he is subject to discretionary detention pursuant to 8 U.S.C. § 1226(a) and not mandatory detention under Section 1225(b)(2). Respondents oppose relief by relying upon decisions by the Courts of Appeals for the Fifth and Eighth Circuits to argue that mandatory detention is authorized under § 1225(b)(2)(A). (Doc. 8). Since the date of Respondents' brief, however, the Court of Appeals for the Third Circuit has joined the Courts of Appeals for the First, Second, Sixth, Seventh, Ninth, Tenth and Eleventh Circuits in rejecting Respondents' interpretation of Section 1225(b)(2)(A). Buele Morocho v. Warden Philadelphia FDC, No. 26-1150, 2026 WL 2546223 (3d Cir. Aug. 28, 2026). This Court likewise repeatedly

has held that mandatory detention under Section 1225(b)(2)(A) applies only to noncitizens apprehended upon entry into the country or shortly thereafter. *See, e.g.*, Tejeda Perez v. Oddo, No. 3:26-cv-00745, Doc. 8 (May 28, 2026). For the reasons set forth in Buele Morocho and Tejeda Perez, the Court finds that Petitioner is properly detained under Section 1226(a), and thus is owed an individualized bond hearing before a neutral immigration judge.

**AND NOW**, **IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus (Doc. 4) is **GRANTED** to the extent that it requests a bond hearing in accordance with 8 U.S.C. § 1226(a) and all related provisions of law. Respondents are **ORDERED** to provide Petitioner with such a hearing, or release him, on or before October 9, 2026. The petition is **DENIED** without prejudice to the extent it requests any additional relief.

September 10, 2026

s/Cathy Bissoon
Cathy Bissoon
Chief United States District Judge

cc (via ECF email notification):
All Counsel of Record

(via First Class U.S. Mail):

LUIS POLANCO GUZMAN
A 205 613 634
Moshannon Valley Processing Center
Legal Mail - Open in Presence of Detainee
555 Geo Drive
Philipsburg, PA 16866